Good afternoon. My name is Anne Voris. I represent Anthony Lee Toliver. Mr. Toliver went to trial shortly after the Apprendi case was decided by the United States Supreme Court. Apprendi instructed that he should be charged, that the quantity of the drugs should be submitted to the jury and proven beyond a reasonable doubt. He was charged, evidence was submitted, and it was not proven beyond a reasonable doubt. On that basis, defense filed for a motion for acquittal. And the judge wager made a decision not to grant that motion for acquittal. The reason that this happened was that counsel presented an instruction. In that instruction, we requested that the quantity be represented as an element to be proven beyond a reasonable doubt. And we, as a matter of trying to figure out what exactly to do, we also requested lesser included offenses. None of that instruction was given. And instead, an amalgamated instruction from the prosecutor and presented by the district court was given. And I was going through this last night and realized that one of the problems that I saw, and I'm looking on my brief, I'm sorry to flip through, I'm looking at the actual instruction itself, and the court said, with regard to, it said, and I'm looking at my brief on page 11, and it's citing to the excerpts at 84, I'm sorry, it's citing to the excerpts where the jury instruction is, I believe it's on page 6, but I can't swear to that. It says what the court did was it said if you find a defendant guilty, you must find what controlled substances were involved in the conspiracy and that the government's burden of proof is beyond a reasonable doubt and the decision must be unanimous. Then it went on to say you must also attempt to reach a unanimous verdict regarding the allegation in the indictment that the conspiracy involved more than 50 grams of crack, I'm sorry, of a mixture of substance and goes on to go through the provisions in 841. The jury came back and the jury said, what are we supposed to do if we can't decide? Well, let's suppose that you're right, that there's error. Okay. Okay. A jury hung up on it. The district judge then said, okay, jury was hung, but it's a sentencing thing, and I'll do it. And I'll make the finding, which he does. And he finds an amount that's excess of an indeterminate amount. Suppose that's error. Right. Okay. So now we're down to the bottom line. What difference does all that make? Because his sentence, regardless of all the error that preceded it, is within the statutory maximum for an indeterminate amount. Well, the difference is, and I would look to Apprendi and its progeny, the difference in this case is that the amount was not proven. In all the other cases, the amount was either pledged to or discussed. And in this case, it was not proven at all. No amount. They were given the top amount all the way down. But that's sort of a different point. The district judge found an amount that was excess of the cap for an indeterminate amount. Correct. Okay. So let's say that's error. Right. Okay. The question still remains, why isn't it harmless error? Because his actual sentence was beneath the cap for an indeterminate sentence. I believe that the reason that it is not harmless error is that the 20-year maximum sentence envisions an amount of less than 500 grams. His preponderance permitted both the prosecution and, well, it permitted a bypass of Suppose he found 1,000 kilograms. Okay. He found 1,000 kilograms. But he's still sentenced to 5 years. I think that due process requires the process that is due. That to bypass the statute in favor of the guidelines is an effort to bypass the constitutional mandate which has been handed down. He didn't bypass the statute in favor of the guidelines. He didn't. He did not craft his sentence based upon a statutory mandatory minimum or anything like that. He crafted his sentence based upon the guidelines. But the guidelines were still beneath the statutory cap. So where is the harmful error? The harmful error is that the amount needed to be found beyond a reasonable doubt. When that was not done, it was an acquittal. Are we going in the same loop? Okay. You know, I'm very – I understand all of your argument. And I'm prepared to assume or find, agree with you, that there was error all the way along the line. But every post-apprendi case that I'm aware of has said it's harmless unless it's over the statutory – it exposes the defendant to a sentence that's over the statutory maximum. And every case has said it is harmless because the amount was there. Either the person pled to the 17 pounds of marijuana or the person pled to the thousand kilos. And the amount was specified. This is the first case where it was sent to the jury and said, we can't find an amount. We don't know anything about an amount. And the judge, when the jury came back, said, well, that's your job. You're going to do it. To bypass that and permit a sentence based on a preponderance of the evidence, which is completely different and completely contrary to what Apprendi says, I think would be a good thing. And for example, Velazco-Heredia recently decided by this Court, the guidelines don't trump the Constitution. I'd just like to take a moment to address the attempt, because I think – Before you leave that, supposing the indictment had said nothing about amount and this case was presented to the jury? Well, that would be – I think it was at Cotton. I'm sorry? Cotton, I believe, where it didn't present an amount. I'm sorry. Were you – Well, there would be no error whatsoever, would there, in this case? Well, I think so, because all the other cases preceded Apprendi. They were before they knew that they had to put something in the indictment, although I believe Cotton did not have any amount. We only have to put something in the indictment if you want to go over the statutory maximum. Right. Now, supposing if we have an indictment that says – that doesn't say an amount. Okay. That is precisely the statute under which your defendant was sentenced, your client was sentenced. Yes. Yes, exactly. So you're saying that if the indictment, wisely or not, alleges an amount and the defendant is acquitted? Right. That's what I'm saying. Did you – but you asked for a lesser included offense, did you not? I did. And you asked that based on amounts, did you not? Correct. And if the jury had said, well, we have a reasonable doubt as to whether there's more than 500, but we find an amount less than 500 and therefore found him guilty under that statute under which your client was sentenced, no harm now. Right? Until, possibly, the judge makes a finding under the guidelines. Right? Correct. But at least as far as the verdict is concerned, your client is a candidate for something up to 20 years in prison. Am I right? Yes. And that's the maximum statutory framework under which he was sentenced. Right. So the error in this case that you complain of is the happenstance that the indictment alleged the amount, but the jury didn't get around to finding an amount. And he can't be sentenced at all? Is that your position? That's my position, that it's an element of the offense. And he can't be sentenced for any amount less than 500 grams? I think that had he been sentenced to an amount less than 500 grams, that we would not be here. Even if he had been a multi-habitual criminal and somehow got himself up in the guidelines to something well up close to the maximum? That's right. Because I think that it's fine to say, okay, quantity is an element. It must be proven. And say he was they found a level 30 based on quantity. All right. And then he was he had a prior felony and he had guidelines that were relevant. He was a 6. And he was eligible for 15 years, but the quantity was under 500. If he was in the district, I think then they're fine. Now, on the other hand, if the indictment alleged no amount, jury found guilty verdict. And the truth was he had more than 500 grams. Is it your argument, then I take it, that the Court, no matter what the truth is, cannot use that amount in sentencing him under this statute?  Yes. And in fact, the district. All right. I understand. In fact, the district court said that initially when we were discussing this, that he did not believe that relevant conduct could come in to pump up the guidelines. But he still then he made a 5-kilogram finding, which was more than the probation officer or anyone else asked. I'd like to defer to counsel. And if possible. I cut her off from her other argument. Get it back. I'm sorry? Okay. Mr. Huss. Thank you. May it please the Court, my name is Gary Huss. I represent Brian Patterson. Brian is basically in the same shoes. It seems to me that we've been given more than adequate time to brief this issue. I appreciate the Court's invitation to try to follow up on Harris and some of the more recent decisions. This is a complex area of the law to me, simply because we all have a notion of what an element of the crime is. And it seems as though Apprendi came out in some of these other cases and started talking about distinctions between elements of the crime and sentencing factors. And that's what leads me to believe and to argue that it's one or the other. But in this case, the government chose to treat it as an element by pleading and attempting to prove it beyond a reasonable doubt. And when I look at it that way, to me it's a sentencing. I mean, to me it's not a sentencing factor, but an element of the crime. And then it would seem to necessarily follow that if the jury can't make a finding on an element, that it's at least implied as an acquittal. I recognize some of the difficulties that are raised in that analysis. And also I think the Court has focused on a number of interesting points. The question about the habitual criminal, I see that a little bit differently. I see that as sort of an independent sentencing factor. We're dealing here with something that was alleged as part of the offense. And if, in fact, that person had a habitual criminal background that was not alleged that was going to be used against him, I see that as working more independent. You could have a number of things that would come into play under the sentencing guidelines and under criminal history. And so to me, I see it a little bit differently on that point. The unfairness that I see in this case is we started out with the playing field being beyond a reasonable doubt on this issue. And it switched once the jury deadlocked and could not come to any agreement, not even a threshold amount of 500 grams. And it shifted it to the sentencing court using what appears to be a preponderance standard. That seems patently unfair. I mean, the ground rules that we started out with was that this was supposed to be played and proved beyond a reasonable doubt. It was not. So when the question is asked, well, what's the harm? To me, the harm is perhaps twofold, that, in effect, he's been found guilty and sentenced when an element of the crime. And I say necessary because it had to be. See, it's not, and that's the whole point. It's not an element of the crime. It is an element that the jury has to decide only if the government wants to socket to the defendant in excess of the statutory cap for an indeterminate quantity. I mean, that's the box we're in, right? Well, it's an interesting box because what I also think is that what's happened since Apprendi is courts have realized that if they logically apply this elements concept, there are certain consequences that are unpleasant that will follow. It will follow that there would be acquittals, that people would be getting released. And so now we have more and more distinctions, the distinction you just mentioned of it's an element but a different kind of element. That's what the cases seem to say. I'm sorry? That's what the cases seem to say. I agree. I did want to comment on the Ochoa case cited by the government, if I could have an opportunity to do this briefly. I see a little bit of a difference there in that Mr. Ochoa admitted to three kilograms, which got him above that threshold amount of 500. And when I talked about the prejudice or the harm to Mr. Patterson, I think it's more in that if there was a sentence that would have been imposed below the 500 grams, below that threshold amount, then as counsel and I would probably both admit, we wouldn't be here. What's happened is he's been ratcheted way up under the sentencing guidelines by a separate fact finding by a preponderance that even the jury couldn't do. And essentially I'll submit it on that.  Thank you, counsel. Mr. Rooney? Thank you. I'm Kevin Rooney. I am counsel for the government. I don't believe there's been any unfairness or any error in this case. I think the Court's obviously very familiar with the case in the briefs. There's a couple points I wanted to make. The indictment, and I'm not sure if this is significant or not, but it was done deliberately, sets out the conspiracy and then has a separate paragraph that says it's further alleged and sets out the quantities. And that's been consistent with the government's approach. I think Ms. Vores pointed out that the jury instructions and the government's approach was to treat the quantity as a special allegation, as in California law, the special allegation and not as element. I think that's a correct legal approach. It's illegal under the law to conspire to distribute cocaine or crack cocaine, any quantity. Then if a jury makes a finding, if it's alleged and a jury makes a finding that there's an additional quantity, then additional punishment can apply. And what happened in this case is not that the defendant was acquitted of anything. They were convicted of the conspiracy. The jury hung as to whether crack cocaine was involved. They hung as to whether or not a quantity of over 5 kilograms of cocaine was involved. The court then calculated the quantity of cocaine. It refused to consider cocaine base or crack cocaine and made that finding within the 20-year maximum. The argument that counsel makes with some force is that the effect of the judge's finding, a quantity that ratcheted the guidelines up, harmful, even though it's within the statutory maximum. Right. I want to touch on that. One, I think counsel is saying two different things, too. And I'm not criticizing or saying anything wrong. They're saying they should have been acquitted, and if not acquitted, they should be sentenced on a jury. Well, I understand that. And I don't think they even think that acquittal across the board is truly what the cases would indicate. But I do think they're saying, in effect, acquittal on sentencing. Let me address that. They talk about 500 grams, that the defendant should have been sentenced on 500 grams of cocaine. That's not in the statute. Where counsel's getting that quantity from is at the, I believe that's the smallest quantity recognized by the guidelines. No, it's in the statute. It's the cap for an indeterminate quantity. So if there's no finding above. I'm sorry. Yeah. I mean, it's in the statute. But what they're saying, if I understand them correctly, the most forceful argument they're making is that even though the sentence itself came within the statutory cap for an indeterminate quantity, nevertheless, the finding that the district court made of quantity was a finding made by preponderance of the evidence, and it had the effect of producing a higher guidelines sentence. Now, I understand. Had it been under 500 grams. Where counsel's coming from, there's a, if there's 500 grams or less, no mandatory minimums apply. The maximum is 20 years. And I don't see how a bootstrap happens, then, that, okay, now the court must assume that there's 500 grams or less. The precedents are very clear that conduct that results in a hung jury can be considered for sentencing. Conduct that even results in acquittal can be used for sentencing. What happened in this case is the court assessed all the evidence and came up with a quantity and did that, made its sentencing calculation based on that, which did not exceed the maximum that could have been at the smallest amount of cocaine and that didn't apply any mandatory minimums. It's in the record. It's in the record. Kagan. I know what the district court did. Right. What I'm trying to get you to help me with is why the defendant's argument isn't, doesn't have force. And the argument is that his finding of fact with respect to quantity had the effect of producing a higher guidelines sentence. Not a higher statutory sentence. A higher guidelines sentence than would have been the case had he sentenced under 500 grams. And my response to that is there's no law that supports that. Well, that's why they're trying to get us to say it doesn't apply. And where we're coming from is mixing elements in sentencing consideration. The courts have always been given extreme latitude in assessing different factors, assessing the evidence to apply an appropriate sentence. An apprentice has limited the court's ability to do that, limited the court's discretion to say, look, if you're going to increase the maximum sentence, if it's going to be, you're going to find a quantity of drugs that increase a maximum sentence that has to be alleged and that has to be proven. And in this case, there was not a quantity of drugs that the court found that increased the maximum sentence over what would have been found if the court, and the court did, properly limit itself to the indeterminate amount of cocaine and said, all right, my maximum is 20 years. It's not what, I mean, well, he didn't limit himself to that quantity of cocaine. No, he didn't limit himself to that quantity. He did not limit himself to that quantity. He limited himself to the amount of time. In other words, the court, everyone was very clear in the district court that the maximum sentence could not be more than 20 years. And I feel like I'm missing, I think we're ship's passing the night on this argument, but I don't believe there's any cases that say that. Well, I'm sure they're not. But on the other hand, this may be the first one to say it. Right. Is your point that Apprendi is tied to the statutory maximum, nothing else matters for harmfulness? That's your bottom line? That's my bottom line. Okay. I'm saying that nothing in Apprendi says the court should close its eyes unless the jury says so. The court can't consider something, can't find evidence. I think the court is circumscribed as to how far it can go. The court might have said, I find that there was 1,000 kilos here. I don't know why the jury didn't reach a different decision, but we shouldn't go there. Well, let's say this was a larceny prosecution and the jury was instructed on grand larceny and I've forgotten where the cutoff is. Do you recall? State court is $400. Yeah. All right. Supposing the court did the usual thing and said, now, if you have a reasonable doubt as to whether the defendant is guilty of grand larceny, you should consider whether he's guilty of petty larceny. And the jury returns a verdict for petty larceny, $400 cap. Now, I presume the government statutes have some statutory maximum on petty and grand larceny, too. I don't recall what they are. And then the judge sat there and said, well, now, I find this guy stole $100,000. And if I apply the guideline to that, that's going to take me up to the maximum on petty larceny. Do you think you can do that? Yes, I think you can do that. And that's exactly what he has to be able to do in order for you to be right. I don't have any quarrel with him, but, yes, I think that's true. He can look at it and say, I'm limited up to here. I will look at the facts. I will make my finding and will do that. I've got a technical point just for the record. The district court found that there was more than a preponderance, the evidence more than preponderated to support his finding that he was being very conservative. I don't think there's any challenge to that. It's a question of whether or not the court can do it at all. All right. It's a question as to his abstract ability to do that. Well, abstract or not. One case I wanted to touch on is the recent case of Velasco Heredia, where the defendant, this was pre-apprendi, the defendant had a trial on marijuana, and he admitted that he had about 17 kilos of marijuana. Then he got sentenced on 285 kilos. In marijuana, a lot of the cases in apprendi come up with marijuana because there's these low threshold amounts. His guidelines were 37 to 46 months, but he got sentenced to 16 months because the court found the mandatory minimum applied. And I see a big distinction between this case and Velasco Heredia, the latest ruling in that case. In this case, as the Court pointed out, the mandatory minimum was not used. It was just a guideline sentencing. I don't have too much else to say to the Court. Could you just clarify one thing for me in the record with respect to Mr. Patterson? In one of the briefs, there's some reference to Mr. Patterson pleading guilty. That never happened. It never happened. There was some discussion about that after the jury's verdict and whatnot. I think no, that's not my recollection. I defer to counsel if I'm wrong. There was discussion with both defendants, of course, about pleading guilty and not pleading guilty before. I think there was testimony. Normally, of course, that would not come in. It wouldn't be part of the record. I think Mr. Tolliver and perhaps Mr. Patterson both, when they testified, said they wouldn't plead guilty because they would have had to plead guilty to crack cocaine. That might have been how it came in. And I think in sentencing Mr. Patterson, the Court gave consideration to a lot of factors. I don't recall, Your Honor, the court's decision on whether to pardon Mr. Patterson voluntarily surrendering Mr. Patterson's more subordinate role in departing him. The district court departed downward just a bit. That's correct. One level, if I remember correctly.  Okay. Okay. Thank you. Okay, Ms. Morris. The first point that I'd like to make in response to Mr. Rooney's argument is that the as far as the conspiracy was concerned, I believe that Judge Levy's hypothetical is apt, that when it was a conspiracy to do what? The question is, should they have been instructed that it is a conspiracy to distribute more than 5 kilos of powder cocaine? And the government chose not to do that. That was the suggested instruction. They said, no, no, no. We don't consider that to be an element. We want it to be more like a sentencing enhancement. And they gave a State court-type sentencing enhancement instruction, which essentially told the jury, you can find conspiracy and decide on what it is. And then you find quantity. And that, I do not believe, is what Apprendi says. And I would point just in terms of the record that on my excerpts, page 124, the judge initially, when we were talking about this, said, in fact, my interpretation of Apprendi is that Apprendi in effect negates relevant conduct when it comes to quantities. However, he went ahead and made relevant conduct quantities on both counts, not just on the conspiracy, but also on the attempt. Now, the attempt was a very confusing mess, and I just wanted to point this out to the court, because it was charged, the indictment conspiracy went from June 1, 1998, until August 1999. Then the attempt was charged July 12, 1998. On the third day of trial, they changed the date by year and explained that the grand jury was told that it was another year, a different year, because that's the year that the grand jury was told. I think that that is a serious problem, especially when the court, instead of finding the 4 1⁄2 ounces that were found in Saul Rossetti's car as being the quantity that drove this whole case, it found the same amount that it found on the conspiracy. It found 5 kilos as relevant conduct. And I think that in both of these counts, it's a problem. And I think that the way that the conspiracy was charged without saying what they were conspiring to sell in terms of quantity and in terms of the drug, not in the way it was charged. It was charged right. But in the way the jury was instructed, it created a due process problem. Thank you. Roberts. On behalf of Mr. Patterson, the matter is submitted. Okay. Thank you, counsel, for your argument. The matter just argued will be submitted.
judges: Leavey, Rymer, Paez